NO. 4-00-0431

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Vermilion County

JON T. SATTERWHITE, ) Nos. 91TR8990

Defendant-Appellant. ) 95TR2339

) 97TR6930

) 97TR6932

)

) Honorable

) Joseph P. Skowronski,

) Judge Presiding.

__________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Defendant Jon T. Satterwhite appeals the circuit court's December 14, 1999, denial of his petition(s) for expungement of several traffic-related cases.  Satterwhite's record contains the following causes, charges, and dispositions:

No. 91-TR-8990 Driving 21 to 25 miles per 

hour above the speed 

limit (Ill. Rev. Stat.

1991, ch. 95 ½, par.

11-601) 

(supervision)

No. 95-TR-2339 Driving 16 to 20 miles per 

hour above the speed 

limit (625 ILCS 5/11-601

(West 1994)) (supervision)

No. 97-TR-6930 Reckless driving (625 ILCS

5/11-503 (West 1996))

(nol-prossed)

No. 97-TR-6931 Driving over 30 miles per

hour above the speed limit

(625 ILCS 5/11-601 (West

1996))

(supervision)

No. 97-TR-6932 Improper lane usage (625

ILCS 5/11-709(a) (West 

1996))

(
nol-prossed)

Satterwhite filed petitions in the circuit court to have each of these cases expunged from his record.  The State offered no objection to any of the petitions.  The circuit court nonetheless denied each.  Satterwhite has chosen not to take an appeal with respect to cause No. 97-TR-6931 (driving over 30 miles per hour above the speed limit), so we need not consider that case.

I. CASES SUBJECT TO EXPUNGEMENT

The State argues (and the trial court found) that the charges in No. 91-TR-8990 (driving 21 to 25 miles per hour above the speed limit), No. 95-TR-2339 (driving 16 to 20 miles per hour above the speed limit), and No. 97-TR-6932 (improper lane usage) are not subject to expungement because the relevant statute does not so authorize.  The State is correct.  Section 5(a) of the Criminal Identification Act (Act) (20 ILCS 2630/5(a) (West Supp. 1999)) states in pertinent part:  

"Whenever an adult *** charged with a violation of a municipal ordinance or a felony or a misdemeanor, is acquitted or released without being convicted, *** [certain judicial officers] may[,] upon verified petition of the defendant[,] order the record of arrest expunged ***."  

According to the plain language of the statute, these cases are not subject to expungement because they do not constitute a violation of a municipal ordinance, a felony, or a misdemeanor.  Absent a contrary provision of law, they are petty offenses.  625 ILCS 5/6-601(a) (West 1998).  The legislature did not make petty offenses subject to expungement.

The charge of reckless driving in cause No. 97-TR-6930, however, is of a different order.  It is statutorily defined as a Class A misdemeanor (
625 ILCS 5/11-503(b) (West 1996)) unless aggravated by great bodily harm or permanent disability or disfigurement to another (625 ILCS 5/11-503(c) (West 1996)).  As such, it is subject to expungement.  We proceed to consider the propriety of the trial court's order in regard to this charge.

II. LEGAL STANDARDS GOVERNING EXPUNGEMENT

The parties raise two general issues regarding the legal standards governing expungement:  (1) the burden on the petitioner and (2) the discretion of the trial court.

A. Good Cause

The State argues (and the trial court held) that a petitioner is required to demonstrate good cause for expungement of his or her criminal record(s).  The State relies 
on 
Chesler v. People
, 309 Ill. App. 3d 145, 149, 722 N.E.2d 668, 672 (1999), which states section 5(a) of the Act "permits expungement 'upon good cause shown.'"  
Chesler
 is apparently the first Illinois opinion to so hold.  The court's opinion was predicated upon the following language:  that certain judicial officers

"may upon verified petition of the defendant

order the record of arrest expunged from the

official records of the arresting authority

and the Department [of State Police] and

order that the records of the clerk of the

circuit court be sealed until further order 

of t
he court upon good cause shown and the

name of the defendant obliterated on the

official index required to be kept by the

circuit court clerk under Section 16 of the

Clerks of Courts Act."  20 ILCS 2630/5 (West 

1998).

In our view, this does not require a petitioner to demonstrate good cause.  Rather, even a casual examination demonstrates a far more plausible interpretation.  Empowering the court to "order that the records of the clerk of the circuit court be sealed 
until
 further order of the court upon good cause shown" (emphasis added) (20 ILCS 2630/5(a) (West Supp. 1999)) clearly means that the court is enabled to 
reopen
 the records for good cause, not require good cause in the first instance.  This interpretation is also supported by the structure of the statute, which sequentially lists three actions that a petitioner may seek:  (1) to expunge the records of the arresting authority; (2) to seal the records of the circuit clerk; and (3) to have his name removed from the clerk's index of cases.  It is difficult to believe that the legislature, intending to make these three forms of relief available only upon good cause, would place that requirement squarely within the second of them without textual differentiation of any kind.  Had it so intended, it would have logically and naturally placed any such requirement at the beginning or the end of this list, not in the middle.  Finally, our conclusion is buttressed by the recent addition of section 5(c-5) to the Act (20 ILCS 2630/5(c-5) (West Supp. 1999) (eff. January 1, 2000)), which we of course read 
in
 
pari
 
materia
 with section 5(a).  Section 5(c-5) narrows the availability of expungement for persons 
convicted of sex offenses.  But it also provides that after expungement "[t]he court, upon good cause shown, shall make the records of the clerk of the circuit court in connection with the proceedings of the trial court concerning the offense available for public inspection."  20 ILCS 2630/5(c-5) (West Supp. 1999).  Here, the legislature has made perfectly clear that "good cause" under the Act relates to the release of sealed records, not their expungement in the first instance.

In sum, we conclude that there is no basis in the law for requiring a petitioner seeking expungement to demonstrate good cause.

B. Discretion of the Trial Court

Section 5(d) of the Act prescribes that "[u]nless the State's Attorney or prosecutor, the Department of State Police, the arresting agency[,] or such chief legal officer objects to the petition within 30 days from the date of the notice, the court shall enter an order granting or denying the petition."  20 ILCS 2630/5(d) (West Supp. 1999).  In a recent case of first impression, the First District decided to adopt Pennsylvania law when considering the role of the circuit court.  In 
People v. Wells
, 294 Ill. App. 3d 405, 409, 690 N.E.2d 645, 648 (1998), the court followed 
Commonwealth v. W.P.
, 417 Pa. Super. 192, 197-98, 612 A.2d 438, 441 (1992), holding that the circuit court should consider several factors in relation to the petition:  the strength of the State's case against the defendant petitioner; the State's reasons for wishing to retain the records; the petitioner's age, criminal record, and employment history; the length of time that has elapsed between the arrest and the petition to expunge; and the specific adverse consequences that the petitioner may endure should expungement be denied. 

In the case 
sub
 
judice
, the trial court reasoned:

"The [c]ourt would note that prior traffic 

cases, particularly ones in which a [d]efendant plead[ed] guilty and received court supervision 

are routinely utilized by the [c]ourt and the 

State's Attorney to determine whether to place 

a [d]efendant on court supervision for new 

traffic violations.  If the record of all 

prior traffic tickets were erased or expunged, 

a [c]ourt would have no way of ascertaining 

a defendant's prior traffic record.  As such, 

this would impede the [c]ourt's ability to 

place first offenders or persons with good 

driving records on court supervision."

The circuit court's views are mistaken in several particulars.  First, Satterwhite did not plead guilty to the reckless driving charge.  Rather, the State nol-prossed the charge
.  Second, the court evinces concern that prior traffic tickets could not be used in subsequent traffic cases.  But, as we have pointed out, petty traffic offenses remain on an offender's record.  As a misdemeanor, however, reckless driving falls squarely within the reach of the statute.  Had the legislature wanted to author an exception for nonprosecution of this offense, it could have done so; the Act already provides that the records of a reckless driving arrest resulting in supervision may not be expunged until five years after discharge and dismissal of the supervision.  20 ILCS 2630/5(a) (West Supp. 1999).  Finally, the court states that expungement "would impede the [c]ourt's ability to place first offenders or persons with good driving records on court supervision."  It is unclear how or why the availability of expungement would render supervision unavailable to anyone.

Although we disagree with the First District's interpretation of good cause under section 5(a) of the Act in 
Chesler
, 309 Ill. App. 3d 145, 722 N.E.2d 668, the court's analysis of a trial court's discretion is informative.  There, the First District upheld the trial court's decision to deny the expungement of several arrests for battery and similar charges by a petitioner who allegedly had a history of engaging in domestic violence.  
Chesler
, 309 Ill. App. 3d at 151-53, 722 N.E.2d at 673-74.  The appellate court cited the circuit court's duty to consider the best interests of the petitioner's minors (
Chesler
, 309 Ill. App. 3d at 151-52, 722 N.E.2d at 673) and the interest in curtailing domestic violence (
Chesler
, 309 Ill. App. 3d at 153, 722 N.E.2d at 674).  However, for reasons entirely applicable here, the court reversed the denial of expungement of petitioner's separate charge for retail theft.  There, as here, nothing in the record supported a finding that the trial court had based its decision on the statute or any of the factors enumerated in 
Wells
.  There, as here, the State did not object to the expungement of this charge before the trial court.  There, as here, where the trial court based its decision not on the record or the statutory eligibility requirements, the court's decision was arbitrary and remand with directions to expunge the record was appropriate.  
Chesler
, 309 Ill. App. 3d at 153, 722 N.E.2d at 675.

Finally, we note that we have taken several motions and briefs with the case.  These relate to whether Satterwhite had properly averred that he had completed his supervisory period(s).  Because we are reversing only as to the charge of reckless driving, which was nol-prossed 
and therefore would require no such averment, we need not reach the merits of the motions.

The order denying petitioner's request for expungement relating to his arrest for reckless driving (cause No. 97-TR-6930) is reversed and the cause remanded with directions to expunge this cause.  The orders of the trial court are in all other aspects affirmed.

Affirmed in part and reversed in part; cause remanded with directions. 

STEIGMANN, P.J., and McCULLOUGH, J., concur.