2020 IL App (1st) 171638

FOURTH DIVISION
Filing Date December 4, 2020

No. 1-17-1638

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 16 CR 4026 |
| KEITH JOHNSON, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | James B. Linn, |
| | ) | Judge, Presiding. |

_____

JUSTICE HALL delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Reyes concurred in the judgment and
opinion.

**OPINION**

¶ 1    Following a bench trial, defendant Keith Johnson was convicted of robbery and unlawful

restraint and was sentenced as a Class X offender to 18 years imprisonment in the Department

of Corrections.  On appeal, defendant contends that his 18-year Class X sentence must be

reduced to a 14-year extended term sentence where one of the two predicate offenses that the

trial court relied on to enhance his sentence was a charge that did not result in a conviction.

Alternately, defendant contends that his trial counsel was ineffective for failing to object to the

Class X sentence based on a nonexistent conviction. For the following reasons, we affirm defendant's conviction, vacate his sentence and remand for resentencing.

¶ 2                                                    BACKGROUND

¶ 3       As this appeal only involves sentencing issues, we will only recite as much of the facts as are necessary to resolve the appeal.

¶ 4       Briefly stated, the evidence presented at trial established that on February 12, 2016, defendant robbed a Family Dollar store located at 2740 West Cermak Road in Chicago. Defendant was charged with armed robbery and aggravated unlawful restraint by indictment on March 24, 2016. Prior to trial, the State told the court that defendant's sentence was "extendable" based on his background. The trial court explained to defendant that he was being accused of armed robbery with a firearm and that if he was found guilty, it was a Class X felony with a firearm enhancement. The court further explained that the sentencing range would be 21 to 45 years' imprisonment. Defendant indicated that he understood and signed a jury waiver form.

¶ 5       At defendant's bench trial on May 10, 2017, the State presented the testimony of the Family Dollar store clerk who was robbed; testimony of an employee of a nearby store; testimony of Chicago police detectives; and the owner of the car that was used during the robbery. The testimony indicated that after the robbery, the offender fled the scene in a gray car, and the license plate number was provided to police. When the owner of the car was located, she indicated that she had loaned defendant her car that day. The State also presented a video tape from the store which showed the robbery taking place.

¶ 6       Defendant also testified at trial, stating that he was a convicted felon and on the day of the robbery, he was released on parole for aggravated vehicle hijacking. He further testified that

he owned his own car, a 1998 white Chevy Monte Carlo that he bought to get to his job at the Chicago Brewing Company, which was registered to his name and address. He testified that he knew the owner of the gray car, but that they never loaned things to each other. Defendant also stated that he did not enter the Family Dollar store and complete a robbery.

¶ 7     In rebuttal, the State entered a certified copy of defendant's conviction under case number 06 CR 11717 into evidence. The State noted that defendant was convicted of three things: aggravated vehicular hijacking with a weapon, armed robbery with a firearm, and felony possession of a weapon with a prior, and that he was convicted on October 25, 2007.

¶ 8     At the close of evidence and argument by the parties, the trial court stated that there was no question that a robbery took place as it was evidenced on the video tape from the store. Additionally, the court found the store clerk's testimony very credible, noting that she had no motive to pick out anyone other than the robber, and the court found that defendant was the person who robbed the store. However, the trial court found that because the gun was not recovered, it was impossible to say if it was actually a real gun or an inoperable gun, and that it would give defendant the benefit of the doubt as to that portion of the trial. The trial court ultimately found defendant guilty of the lesser included offenses of robbery, a Class 2 offense, and unlawful restraint, a Class 4 offense, noting that the convictions would merge.

¶ 9     Following trial, defendant filed a motion for new trial, in which he contested the reliability of the identification by the store clerk. He also argued that the owner of the car was trying to protect her boyfriend, and that there were other people in the car who were not arrested. Defendant further asserted that this was a "one-finger ID," which was not enough to identify him as the person who committed the crime that day. The trial court denied defendant's motion and the matter proceeded to sentencing.

¶ 10    At the sentencing hearing, the State indicated that it had an addition to defendant's presentence investigation report (PSI), namely a 1999 federal conviction for conspiracy to commit bank robbery where defendant received 67 months imprisonment and five years' probation. The court inquired whether defendant was eligible for an extended term and the State responded that he was Class X by background. The State noted that defendant had convictions in 2006 for aggravated vehicular hijacking, armed robbery and unlawful use of a weapon (UUW) by a felon, for which he received a 17-year prison term, and he was on parole when he committed the current offense. The State additionally noted that defendant had a 1995 conviction for UUW, a Class 4 felony; a 1999 federal conviction for conspiracy to commit bank robbery, for which he was on probation when he committed the aggravated vehicular hijacking. Defendant also had a Class 4 possession of a controlled substance in 1995, and the State was allowed to correct the case number in the PSI.

¶ 11    In aggravation, the trial court allowed the State to present the facts for the 1996 convictions, in which it revealed that, while armed with a gun, defendant and two codefendants approached the victim and his brother, who were standing near the victim's car in Chicago. The victim and his brother were robbed of money before defendant and his codefendants fled in the victim's car. The following morning, defendant used the victim's car to report to his daily reporting for his federal probation. The police recovered the victim's car during defendant's federal probation reporting visit, as well as defendant's gun. Additionally, defendant's codefendants were still in the car, waiting for defendant to complete his probation visit, and they were all subsequently identified by the victim and his brother. After presenting this evidence, the State requested a substantial sentence for defendant, noting again that defendant

was "X by background," and that he had a history of reoffending while he was on probation and parole.

¶ 12    In mitigation, defense counsel discussed defendant's relationship with his adult son and good ties with his family and the community. Defense counsel also noted that defendant was a "social [drug] user," -did not have an alcohol problem or mental health issues, and that this was a situation of mistaken identity.

¶ 13    In allocution, defendant stated that he was initially charged with an armed robbery but was found guilty of a lesser charge, to which the court responded that based on his record, he still had to be sentenced as a Class X felon. The court explained that instead of a sentencing range of three to seven years for robbery, he would be looking at 6 to 30 years. In response, defendant denied that he robbed the Family Dollar store or committed the vehicular hijacking. The court subsequently asked defendant "[w]hich other one didn't you do * * *?" Defendant responded that he did not do the vehicular hijacking, but admitted that he was convicted by a jury.

¶ 14    The trial court merged the unlawful restraint count into the robbery count and defendant was sentenced to 18 years' imprisonment. Defendant's motion to reconsider sentence was denied and this timely appeal followed.

¶ 15                                ANALYSIS

¶ 16    On appeal, defendant contends that his 18-year Class X sentence must be reduced to a 14-year extended term sentence because one of the two predicate offenses that the trial court relied on to enhance his sentence was a charge that did not result in a conviction. Specifically, defendant asserts that his PSI report, which the State relied on as proof of a Class 2 felony conviction in 1995, only indicated that he was charged with possession of controlled substance, given one year of probation, which was terminated satisfactorily. According to defendant, the

PSI did not mention that he was not convicted. Defendant acknowledges that the history of the 1995 case is not in the record, but notes that this court may take judicial notice of circuit court docket lists, which was included as an appendix to his brief. He concedes that his background would make him eligible for extended term Class 2 sentencing, and requests that his sentence be reduced to 14 years. Alternately, defendant contends that his trial counsel was ineffective for failing to object to the Class X sentence based on a nonexistent conviction.

¶ 17    Defendant also acknowledges that this issue was not properly preserved for review (*People v. Enoch*, 122 Ill. 2d 176, 186 (1988)), but asserts that it can be reviewed under the second prong of plain error. The State disagrees that this issue is reviewable under plain error, contending that no error occurred.

¶ 18    Despite the State's argument to the contrary, we have consistently held that misapplication of an extended-term sentence may be reviewed under the second prong of the plain error doctrine. *People v. Palen*, 2016 IL App (4th) 149228, ¶¶ 74-78; *People v. Cruz*, 2019 IL App (1st) 170886, ¶ 56. We therefore review the merits of defendant's claimed error.

¶ 19    In the sentencing context, we may consider forfeited errors where the evidence is closely balanced, or the error is so fundamental it may have deprived defendant of a fair sentencing hearing. *People v. Smith*, 2016 IL App (1st) 140496, ¶ 5. The burden of persuasion remains with defendant, and the first step is to determine whether any error occurred. *Id*.

¶ 20    Here, defendant was convicted of robbery pursuant to 720 ILCS 5/18-1(a) (West 2016), which is a Class 2 felony (720 ILCS 5/18-1(c) (West 2016)). A Class 2 felony normally has a sentencing range of three to seven years. 730 ILCS 5/5-8-1(a)(5) (West 2016). The State requested, and the trial court imposed, based on defendant's background as presented during

the sentencing hearing, Class X sentencing. We begin by reviewing the relevant statues related to extended term sentencing.

¶ 21            Section 5-8-2 of the Code of Corrections (Code), Extended Term, provides, in pertinent part, that:

"a judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Article 4.5 of Chapter V for an offense or offenses within the class of the most serious offense for which the offender was convicted unless the factors in aggravation set forth in Section 5-5-3.2 or clause (b) of Section 5-8-1 were found to be present. 730 ILCS 5/5-8-2(a) (West 2016).

¶ 22            Section 5-5-3.2(b) of the Code, Factors in Aggravation and Extended Term Sentencing, provides, in pertinent part, that certain factors, related to all felonies, may be considered by the court as reasons to impose an extended term sentence under Section 5-8-2 on any offender:

"when a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." 730 ILCS 5/5-3.2(b)(1) (West 2016).

¶ 23            Section 4-4.5-95, General Recidivism Provisions, which is the section of the Code under which defendant was found to be eligible for Class X sentencing, provides in pertinent part that:

"when a defendant over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date of the Class 1 or Class 2 felony was

committed), classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender. This subsection does not apply unless:

(1) the first felony was committed after February 1, 1978 (the effective date of Public Act 80-1099);

(2) the second felony was committed after conviction on the first; and

(3) the third felony was committed after conviction on the second." 730 ILCS 5/-4.5-95(b)(West 2016).

¶ 24    A defendant subject to Class X sentencing is subject to a range of 6 to 30 years imprisonment. 730 ILCS 5/5-4.5-25(a) (West 2016). Conversely, an extended term sentence for a Class 2 felony, shall be a term of not less than 7 years and not more than 14 years. 730 ILCS 5/5-4.5-35 (West 2016).

¶ 25    In this case, defendant's PSI revealed that he was 44 years old and had been previously convicted of several felonies. The PSI also revealed the following prior criminal history:

(a) Manufacture/delivery of a controlled substance, case number 95 CR 01345-02, a Class 2 felony, sentenced on September 6, 1995, to one year probation, which was terminated satisfactorily on September 13, 1996;

(b) possession of a controlled substance, case number 95 CR 0570801, a Class 4 felony, sentenced on September 6, 1995, to one year probation, terminated satisfactorily on September 13, 1996;

(c) carry/possess a firearm (UUW), a Class 4 felony, case number 95 CR 2451201, sentenced on September 14, 1995, to one year imprisonment;

(d) domestic battery and resisting a peace officer, case number 97 601598401, sentenced on December 15, 1994, to 10 days in jail;

(e) aggravated vehicle hijacking/weapon, aggravated robbery/armed with firearm, felon possess use firearm, prior, case number 06 CR 1171701, sentenced on November 29, 2007, to 17 years' imprisonment; and

(f) a 1999 conviction for conspiracy to commit bank robbery,[1] sentenced to 67 months federal imprisonment.

¶ 26    Additionally, defendant has submitted computer printouts which purport to be copies of the circuit court docket related to both of the 1995 drug cases, and asks that we take judicial notice of the printouts pursuant to *People v. Davis*, 65 Ill. 2d 157, 164-65 (1976). Defendant also asserts in his brief that he completed "first-offender probation" pursuant to 720 ILCS 570/410(a) (West 2016), which provides that once a person successfully completes the terms and conditions of his probation, the court will "dismiss the proceedings" and discharge the person from probation, and would not result in a conviction (720 ILCS 570/410(f), (g) (West 2016)). Defendant contends that this information establishes that he was not convicted of a Class 2 history where he was found not guilty after successfully completing probation.

¶ 27    In response, the State disagrees that defendant's sentence of probation for the Class 2 drug offense did not result in a conviction. Moreover, the State contends that defendant's federal conviction was also a qualifying offense which subjected defendant to Class X sentencing.

---

[1] We take judicial notice of the charges as noted in *U.S. v. Walker*, 272 F. 3d 407, 411 (2001), which details defendant's involvement in the bank robbery during codefendant's trial and further that he was charged with conspiracy to commit bank robbery, aggravated bank robbery, and use of a firearm in connection with a violent crime. Defendant entered into a plea agreement with the federal government in that case.

¶ 28        Defendant responds to the State's argument by asserting that the State failed to present any proof to substantiate his federal conviction and alternately that the federal conviction could not serve as a qualifying predicate offense for mandatory Class X sentencing because it does not contain the same elements as a Class 2 or greater class Illinois felony.

¶ 29        We first note that while we can take judicial notice of the computer docket sheets under *Davis*, we cannot take judicial notice of the sequence of events that defendant claims support his theory that he was subjected to first-offender probation as such information was not indicated in the docket. We further note that we may take judicial notice of defendant's participation and plea agreement in the federal bank robbery case as detailed in *Walker*.

¶ 30        Therefore, the question for our review is whether defendant's criminal background contained two prior Class 2 felonies that subjected him to mandatory Class X sentencing.

¶ 31        Our review of the PSI presented at defendant's sentencing hearing, the computer printouts of the circuit court's docket sheets related to defendant's two 1995 drug cases, as well as his federal conviction yields the conclusion that his eligibility for mandatory Class X sentencing is not clearly apparent. While the PSI indicates defendant's convictions for the 1995 drug cases and the corresponding sentences of probation that were completed satisfactorily, it does not contain the additional, albeit confusing, information reflected in the docket sheets; namely that after the probation was terminated, the trial court entered findings of not guilty. We conclude therefore that the trial court erred in sentencing defendant to mandatory Class X sentencing, and that such sentencing amounted to plain error because it affected defendant's fundamental liberty. *Palen*, 2016 IL App (4th) 149228, ¶ 15. We thus vacate his sentence and remand for resentencing. *Id*.

¶ 32    However, we also conclude that defendant's criminal history supports imposition of a mandatory extended term sentence pursuant to section 5-5-3.2(b)(1). The PSI clearly reflects that defendant was previously convicted of a Class 2 felony in 2007, aggravated vehicular hijacking; his current conviction occurred within 10 years after the previous conviction; both charges were separately brought and tried; and arose out of a different series of acts. See 730 ILCS 5/5-5-3.2(b)(1) (West 2016). Pursuant to the extended term statute, defendant is eligible for an extended term Class 2 sentence of between 7 and 14 years. 730 ILCS 5/5-4.5-35 (West 2016). Thus, at the new sentencing hearing, defendant is to be sentenced in accordance with the statutory guidelines for an extended Class 2 sentence.

¶ 33    Having so concluded, we need not address defendant's contention that his trial counsel was ineffective for a failing to object to the Class X sentence based on a nonexistent conviction.

¶ 34                                        CONCLUSION

¶ 35    For the foregoing reasons, we affirm defendant's conviction, vacate his sentence and remand for resentencing in accordance with this opinion.

¶ 36    Affirmed in part and vacated in part.

¶ 37    Cause remanded with directions.