NOTICE
This Order was filed under Supreme
Court Rule 23 and is not precedent
except in the limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200327-U

NO. 4-20-0327

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 8, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| GEORGE L.R. POWELL, | ) | No. 91CF165 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas O'Shaughnessy, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed the trial court's judgment in part and reversed in part because some, but not all, of the records that defendant sought to seal or expunge were eligible for those remedies.

¶ 2   In January 2020, defendant, George L.R. Powell, filed a petition to seal and expunge multiple cases and convictions. The State objected, and the trial court denied defendant's petition without a hearing.

¶ 3   As an initial matter, we note that defendant is currently serving a 95-year prison sentence with a projected release date in 2040. None of defendant's meritorious requests to expunge his records would have any impact on the sentence he is serving. Nonetheless, because as we explain below, the law entitles defendant to expungement in some of his cases, we will honor that entitlement.

¶ 4   Ultimately, defendant's cases can be divided into the following categories:

(1) defendant's cannabis case, which is subject to a cannabis-specific portion of the sealing and expungement statute and (2) defendant's other cases that are either (a) eligible for expungement or (b) ineligible for sealing or expungement.

¶ 5        Defendant appeals, arguing that the trial court erred when it (1) denied his petition to seal and expunge his records for possession of more than 30 grams of cannabis, (2) denied defendant's petition to seal and expunge his records for the other charges listed in his petition, and (3) failed to conduct a hearing on his petition. Because we agree that the charges against defendant that did not result in convictions were subject to expungement but disagree with defendant's other arguments, we affirm in part, reverse in part, and remand for further proceedings.

¶ 6                              I. BACKGROUND

¶ 7        In May 1991, the State charged defendant with one count of unlawful possession of cannabis, a Class 4 felony. Ill. Rev. Stat. 1985, ch. 56½, ¶ 704(d). The charge alleged that in September 1990, defendant knowingly possessed between 30 and 500 grams of cannabis. Following a March 1992 bench trial, defendant was convicted of that offense, and the trial court sentenced him to two years of probation.

¶ 8        In April 1993, while defendant was on probation, defendant was charged in Vermilion County case No. 93-CF-119 with three counts of aggravated criminal sexual assault. Ill. Rev. Stat. 1991, ch. 38, ¶ 12-14(b)(1). The charges generally alleged that between January 1991 and February 1992, defendant committed various sex acts with a person under the age of 13.

¶ 9        In November 1993, the State filed a petition to revoke defendant's probation in the cannabis case, and defendant's probation was subsequently revoked. In August 1994, the trial court conducted defendant's resentencing hearing in the cannabis case, as well as his sentencing hearing in case No. 93-CF-119. In defendant's cannabis case, the trial court resentenced him to 5 years in

prison. In case No. 93-CF-119, the court sentenced defendant to 30 years in prison on each count, with all of the sentences to run consecutively for an aggregate sentence of 95 years.

¶ 10        In January 2020, defendant filed a petition to seal and expunge multiple convictions, including the cannabis conviction in this case, pursuant to section 5.2 of the Criminal Identification Act (20 ILCS 2630/5.2 (West Supp. 2019)). To resolve defendant's claims, this court utilized the public case search function on the Vermilion County Circuit Clerk website to obtain the electronic records for the cases for which defendant sought sealing or expungement. We take judicial notice of those records. See *People v. Johnson*, 2020 IL App (1st) 171638, ¶ 29 (taking judicial notice of online docket sheets). Those electronic records revealed the following information:

(1) case No. 91-CF-165 is the cannabis conviction described previously.

(2) case No. 89-TR-013 was a misdemeanor traffic offense that resulted in *nolle prosequi*.

(3) case No. 89-TR-014 was a misdemeanor traffic offense that resulted in *nolle prosequi*.

(4) case No. 89-TR-015 was a misdemeanor traffic offense that resulted in *nolle prosequi*.

(5) case No. 89-TR-016 was a misdemeanor traffic offense that resulted in *nolle prosequi*.

(6) case No. 89-TR-077 was a misdemeanor traffic offense that resulted in conviction.

(7) case No. 91-CF-099 involved two counts: (1) knowing damage to property valued between $300 and $10,000 and (2) cutting timber without consent

of the timber grower. The second count was dismissed on the State's motion. The first count was amended to an unspecified charge and resulted in "Special Conditions Probation."

(8) case No. 83-CF-56 was an offense for which no record could be found.

(9) case No. 91-CM-736 included three counts: (1) disorderly conduct, (2) criminal damage to property, and (3) criminal trespass to land. Disorderly conduct resulted in a conviction, but the other counts were dismissed.

(10) case No. 91-CM-737 resulted in dismissal.

(11) case No. 93-CF-119 included three counts of aggravated criminal sexual assault that resulted in a conviction for each count. Defendant is currently serving his prison sentence for these convictions.

(12) case No. 92-CM-263 resulted in dismissal.

(13) case No. 90-TR-9632 was an operating an uninsured motor vehicle offense that resulted in conviction.

(14) case No. 90-TR-9631 was a driving on a revoked license offense that resulted in a conviction.

(15) case No. 84-CF-176 was an offense for which no record could be found.

¶ 11       The State objected to the petition, and the trial court did not afford defendant a hearing on it. The court denied in the petition's entirety defendant's request to seal and expunge his criminal records.

¶ 12       This appeal followed.

¶ 13                                II. ANALYSIS

¶ 14        Defendant appeals, arguing that the trial court erred when it (1) denied his petition to seal and expunge his records for possession of more than 30 grams of cannabis, (2) denied defendant's petition to seal and expunge his records for the other charges listed in his petition, and (3) failed to conduct a hearing on his petition. Because we agree that the charges against defendant that did not result in convictions were subject to expungement but disagree with defendant's other arguments, we affirm in part, reverse in part, and remand for further proceedings.

¶ 15        A. The Trial Court Correctly Denied Defendant's Petition

To Seal and Expunge His Cannabis Conviction

¶ 16        Defendant contends that the trial court erred by denying his petition to seal and expunge his conviction for possession of more than 30 grams of cannabis. We disagree and affirm.

¶ 17        Section 5.2 of the Criminal Identification Act allows an individual to petition a court to expunge and seal certain records if those records are eligible to be expunged and sealed. 20 ILCS 2630/5.2 (West Supp. 2019). That same section states that "Minor Cannabis Offense[s]" committed prior to June 25, 2019, are subject to automatic expungement, provided certain criteria are met. *Id.* § 5.2(i)(1)(A). "Minor Cannabis Offense" is defined as "a violation of Section 4 or 5 of the Cannabis Control Act concerning not more than 30 grams of any substance containing cannabis ***." *Id.* § 5.2(a)(1)(G-5). Because defendant's conviction of possession of more than 30 grams of cannabis does not come within the definition of a "Minor Cannabis Offense," this provision does not apply.

¶ 18        Section 5.2(i)(3) states that an individual may move to vacate and expunge a conviction for a misdemeanor or Class 4 felony violation of section 4 or 5 of the Cannabis Control Act "after the completion of any non-financial sentence or non-financial condition imposed by the conviction." As the State notes, defendant is currently in prison due to consecutive sentences that

include the sentence for which defendant now seeks expungement. For that reason, defendant has not yet completed the nonfinancial aspect of his sentence, and this provision does not apply. We note that defendant also argues that his conviction should be sealed pursuant to subsection (c). However, this argument fails for similar reasons because convictions may only be sealed two years after the completion of a petitioner's last sentence. Because defendant is still in prison, this provision does not apply.

¶ 19 In addition, defendant has presented no evidence that he received a pardon from the Governor of Illinois. See *id.* § 5.2(i)(2)(C) (providing for automatic expungement without objection in cases of pardons).

¶ 20 B. The Trial Court Incorrectly Denied Defendant's Petition To Expunge

Some of His Other Records

¶ 21 Next, defendant argues that the trial court should have granted his petition to expunge his convictions in the following Vermilion County case Nos.: 89-TR-013, 89-TR-014, 89-TR-015, 89-TR-016, 89-TR-077, 91-CF-099, 83-CF-56, 91-CM-736, 91-CM-737, 93-CF-119, 92-CM-263, 90-TR-9632, 90-TR-9631, 84-CF-176. We agree in part and disagree in part.

¶ 22 1. *The Law*

¶ 23 Arrests or charges that result in acquittal, dismissal, or release without charging are immediately expungable with no waiting period. 20 ILCS 2630/5.2(b)(2)(A) (West Supp. 2019).

¶ 24 Records eligible for sealing include (1) all arrests resulting in release without charging and (2) arrests or charges not initiated by arrest that result in acquittal, dismissal, or "conviction when the conviction was reversed or vacated ***." *Id.* § 5.2(c)(2)(A)-(B). Further, "Records identified as eligible under subsection (c)(2)(A) and (c)(2)(B) may be sealed at any time." *Id.* § 5.2(c)(3)(A).

¶ 25 If the charge results in a conviction, the law states that although the amount of time an individual must wait before seeking to have his or her record sealed differs based on various factors, at minimum the defendant must have completed his or her last sentence. See *id.* § 5.2(c)(3).

¶ 26 The law also prohibits "the sealing or expungement of records of minor traffic offenses (as defined in subsection (a)(1)(G)), unless the petitioner was arrested and released without charging." *Id.* § 5.2(a)(3)(B). " 'Minor traffic offense' means a petty offense, business offense, or Class C misdemeanor under the Illinois Vehicle Code or a similar provision of a municipal or local ordinance." *Id.* § 5.2(a)(1)(G).

¶ 27                                                   2. *This Case*

¶ 28 We note that nowhere in the State's brief does the State address any of the cases for which defendant seeks sealing or expungement, other than the cannabis case previously discussed. Further, in the State's objection filed in the trial court, the State argued that the court should not expunge defendant's cases only because (1) defendant had a long and violent criminal history and (2) given that defendant was currently in prison, "none of [d]efendant's records are eligible to be expunged and/or sealed as he has not completed his last sentence."

¶ 29 We also note that in the trial court's order denying defendant's request to seal and expunge, the court checked four boxes on a form order and offered no further explanation. The checked boxes stated that defendant's request is denied for all cases sought to be expunged because "Your records are not legally eligible to be expunged." The checked boxes also stated that defendant's request is denied for all cases sought to be sealed because "Your records are not legally eligible to be sealed." This is simply incorrect; several of defendant's listed cases were legally eligible for expungement.

¶ 30 The State provided no good reason, either in the trial court or on appeal, why

defendant's records that are eligible for expungement should not be so treated. We conclude that in the following cases as indicated, defendant is entitled by law to expungement of those records.

¶ 31    Because both Vermilion County case Nos. 91-CM-737 and 92-CM-263 were dismissed by the State, defendant is eligible for immediate expungement for these cases.

¶ 32    Because the electronic records for Vermilion County case Nos. 89-TR-013, 89-TR-014, 89-TR-015, 89-TR-016 show that all of these cases resulted in *nolle prosequi*, they are eligible for immediate expungement.

¶ 33    Vermilion County case No. 91-CM-736 included three counts: (1) disorderly conduct, (2) criminal damage to property, and (3) criminal trespass to land. Because the electronic record shows that defendant pled guilty to disorderly conduct, but the other two counts were dismissed on the State's motion, the records related to criminal damage to property and criminal trespass to land are eligible for immediate expungement. The records related to disorderly conduct are not eligible for expungement or sealing.

¶ 34    Vermilion County case No. 91-CF-099 involved two counts: (1) knowing damage to property valued between $300 and $10,000 and (2) cutting timber without consent of the timber grower. The second count was dismissed on the State's motion. The first count was amended to an unspecified charge and resulted in "Special Conditions Probation." The electronic record is inadequate for this court to determine whether this probation resulted in a conviction or whether the "special conditions" resulted in no conviction. For those reasons, the records related to count two are eligible for immediate expungement, but we will not disturb the trial court's decision denying sealing or expungement for count one.

¶ 35    According to the electronic record, Vermilion County case Nos. 89-TR-077, 90-TR-9631, 90-TR-9632, and 93-CF-119 are offenses for which defendant was found guilty and

convicted. Because defendant, at a minimum, would need to have completed his last sentence and defendant is currently in prison, defendant is not yet eligible for sealing for these offenses. Nothing in the electronic record indicates that defendant is eligible for expungement for these offenses.

¶ 36 Further, because this court could find no Vermilion County case with a corresponding number 83-CF-56 or 84-CF-176 in the online records, this court lacks sufficient information to conclude that the trial court erred when it denied defendant's request to seal or expunge in relation to these charges. For that reason, we will not disturb the trial court's decision denying sealing or expungement for those charges.

¶ 37 C. The Trial Court Did Not Commit Reversible Error Regarding

Its Failure to Provide Defendant a Hearing

¶ 38 Last, defendant argues that the trial court committed reversible error because it did not bring defendant to court for a hearing on his petition to expunge and seal his records. The State responds that although it was error for the court to not hold such a hearing, that error was harmless.

¶ 39 Section 5.2(d)(7) requires a trial court to hold a hearing if the State objects to a petition to seal or expunge. In *People v. Stoecker*, 2020 IL 124807, ¶ 7, a defendant filed a section 2-1401 petition, and the State filed a response. The trial court dismissed the petition without allowing the defendant to file the response that he was entitled to file. The Illinois Supreme Court ultimately concluded that the error was "harmless because petitioner's claims were procedurally defaulted and patently incurable as a matter of law and because no additional proceedings would have enabled him to prevail on his claim for relief." *Id. ¶ 26.*

¶ 40 In this case, the trial court erred by not holding the hearing. However, we divide defendant's claims into the categories described previously. See *supra* ¶ 4. First is the cannabis case for which defendant sought sealing and expungement. For this case, the principle in *Stoecker*

applies. The error is harmless because defendant's claim is "patently incurable as a matter of law and because no additional proceedings would have enabled him to prevail on his claim for relief." *Stoecker*, 2020 IL 124807, ¶ 26.

¶ 41 The second category of cases consists of the ones we discussed earlier. See *supra* ¶¶ 33-39. Failure to conduct a hearing on defendant's petition regarding those cases was not harmless error. However, in the interest of judicial economy, we have evaluated defendant's claims and have determined which ones have merit.

¶ 42                                    III. CONCLUSION

¶ 43 For the reasons stated, we reverse the trial court's judgment and remand with instructions that the trial court enter a new order consistent with this decision.

¶ 44 Affirmed in part, reversed in part, and remanded with directions.