2025 IL App (2d) 240698-U
Nos. 2-24-0698 & 2-24-0699 cons.
Order filed August 11, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 05-TR-83854 05-TR-83855 |
| JOSE MANUEL ROMO, | ) ) ) | Honorable Divya K. Sarang, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Despite the State's confession of error in one of two consolidated appeals from denials of petitions for expungement, we affirm both denials. Under the governing statute, expungement of records of minor traffic offenses is permitted only when the defendant was arrested and released without being charged. Here, in both cases, the State charged defendant and later struck the charge with leave to reinstate.

¶ 2    *Pro se* defendant, Jose Manuel Romo, filed petitions to expunge the records of two traffic citations. The State objected. Following a hearing, the trial court denied both petitions. Defendant filed separate appeals, which we consolidated for decision. Because the Criminal Identification

Act (Act) (20 ILCS 2630/0.01 *et seq.* (West 2022)) does not allow the expungement of the minor traffic offenses in these cases, we affirm the trial court.

¶ 3                                          I. BACKGROUND

¶ 4      On September 28, 2005, defendant received two traffic citations under section 27-3 of the Aurora Code of Ordinances (Aurora Code of Ordinances § 27-3 (eff. Sept. 4, 1990)), which adopts by reference the Illinois Vehicle Code (Code) (625 ILCS 5/1-100 *et seq.* (West 2004)). The first citation (case No. 05-TR-83854) charged him with operating an uninsured motor vehicle (*id.* § 3-707). The second citation (case No. 05-TR-83855) charged him with failure to reduce speed to avoid an accident (*id.* § 11-601(a)).

¶ 5      Concerning the charge of operating an uninsured motor vehicle, the record on appeal shows that the trial court entered an order on October 27, 2005, stating, "Proof Shown" and "Bond to Companion" (*i.e.*, case No. 05-TR-83855). The Kane County circuit court clerk's online case records portal[1] shows that, on November 14, 2005, the charge was stricken with leave to reinstate. Defendant's bail bond was transferred to case No. 05-TR-83855 on November 15, 2005.

¶ 6      For the charge of failure to reduce speed to avoid an accident, defendant appeared in court on October 27, 2005, and entered a plea of not guilty. A bench trial was set for December 15, 2005, and the State notified the complaining witness on November 1, 2005. The Kane County circuit court clerk's online case records portal shows that, on December 15, 2005, the charge was stricken with leave to reinstate.

---

[1]We may take judicial notice of the circuit court's records. See *Asher Farm Ltd. Partnership v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 31.

¶ 7    On May 24, 2024, defendant filed petitions to expunge the records in both cases. The State filed objections, stating in each case that "20 ILCS 2630/5.2(a)(3)(B) does not allow the expungement or sealing of records for minor traffic offenses as defined in 20 ILCS 2630/5.2 (a)(1)(G)."

¶ 8    On September 18, 2024, the trial court held a hearing on defendant's petitions to expunge. The court ordered the hearing continued to October 16, 2024, "for State to research if dismissed minor traffic offenses are expungable." In orders dated October 16, 2024, the court denied both petitions. The court gave the same reason in both cases: "Your records are not legally eligible to be expunged" and "State cited *People v. Satterwhite*, 319 Ill. App. 3d 931 [(2001)], in support of their objection." On November 13, 2024, defendant filed timely appeals, which were docketed as appeal No. 2-24-0698 (case No. 05-TR-83854) and appeal No. 2-24-0699 (case No. 05-TR-83855). As noted, we consolidated the appeals for decision. Neither record on appeal contains reports of proceedings from the hearings held on September 18 and October 16, 2024.

¶ 9                                    II. ANALYSIS

¶ 10    At issue in these appeals is whether the trial court erred by denying defendant's petitions for expungement. Generally, the denial of a petition to expunge is reviewed for an abuse of discretion. See *People v. Laguna*, 2014 IL App (2d) 131145, ¶ 14. However, where, as here, the sole question is whether the records at issue even qualified for expungement under the text of the Act, we apply *de novo* review. See *Duncan v. People ex rel. Brady*, 2013 IL App (3d) 120044, ¶ 12.

¶ 11    We turn first to case No. 05-TR-83854 (appeal No. 2-24-0698), where defendant petitioned to expunge records related to the citation for operating an uninsured motor vehicle. On appeal, the State confesses error, arguing that the trial court should have ordered the expungement of the

records. However, "[t]his court is not bound by the State's confession of error." *In re Brandon L.*, 348 Ill. App. 3d 315, 318 (2004). For the following reasons, we decline to accept the confession of error.

¶ 12   At the hearing on defendant's petition to expunge records related to this case, the State argued that the trial court should deny the petition, based on *People v. Satterwhite*, 319 Ill. App. 3d 931 (2001). The court in *Satterwhite* affirmed the denial of the defendant's petitions to expunge several traffic offenses. *Id.* at 932-33. The court cited section 5(a) of the Act (20 ILCS 2630/5(a) (West Supp.1999)), which stated:

> "Whenever an adult *** charged with a violation of a municipal ordinance or a felony or a misdemeanor, is acquitted or released without being convicted, *** [certain judicial officers] may[,] upon verified petition of the defendant[,] order the record of arrest expunged ***."

The court went on:

> "According to the plain language of the statute, [the cases at issue] are not subject to expungement because they do not constitute a violation of a municipal ordinance, a felony, or a misdemeanor. Absent a contrary provision of law, they are petty offenses. 625 ILCS 5/6-601(a) (West 1998). The legislature did not make petty offenses subject to expungement." *Id.* at 933.

¶ 13   When *Satterwhite* was decided, petty offenses were categorically not eligible for expungement under the Act. The Act has changed since *Satterwhite*. When, on May 24, 2024, defendant filed his petition to expunge records related to this case, the Act allowed, in narrow circumstances, the expungement of minor traffic offenses, which included petty traffic offenses. Under section 5.2(a)(3)(B) of the Act (20 ILCS 2630/5.2(a)(3)(B) (West 2022)), with exceptions

not pertinent here, "the court shall not order *** the sealing or expungement of records of minor traffic offenses *** *unless the petitioner was arrested and released without charging*." (Emphasis added.) And subsection (a)(1)(G) states that " '[m]inor traffic offense' means a petty offense, business offense, or Class C misdemeanor under the Illinois Vehicle Code or a similar provision of a municipal or local ordinance." *Id.* § 5.2(a)(1)(G). At the time of the charged offense, operating an uninsured motor vehicle was a business offense and therefore a minor traffic offense. See 625 ILCS 5/3-707(c) (West 2004) ("Any operator of a motor vehicle subject to registration under this Code who is convicted of violating this Section is guilty of a business offense ***."). As noted, defendant was not "arrested and released without charging"; rather, he was charged but not convicted. As such, this case does not fall under the narrow exception to the general rule that courts cannot order the expungement of minor traffic offenses.

¶ 14    Supporting its confession of error, the State alludes to (but does not cite) section 3-707(c) of the Code (*id.*), which, at the time of the charged offense, stated that "no person charged with violating this Section shall be convicted if such person produces in court satisfactory evidence that at the time of the arrest the motor vehicle was covered by a liability insurance policy."

¶ 15    Defendant was charged with but not convicted of a violation, because he produced evidence that the vehicle was insured at the time of his arrest. The State suggests that, because "the record shows defendant presented the trial court with proof that he had insurance at the time of the offense," defendant was "factually innocent of the charge of operating an uninsured motor vehicle." Therefore, according to the State, the charge should not have been stricken with leave to reinstate—instead, "[t]he proper course of action by the prosecution should have been a *nolle prosequi*." "A *nolle prosequi* is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case." *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 101

(2004). "[N]ol-prossing terminates the case and returns the matter to the same conditions which existed before the prosecution commenced ***." *Id.* at 102. As the State recognizes, striking a charge with leave to reinstate is a far different resolution than a *nolle prosequi*. See *id.* at 100 ("Where a case is stricken with leave to reinstate, the matter remains undisposed of. The same charges continue to lie against the accused, albeit in a dormant state."). But, more importantly, neither nol-prossing a charge nor striking a charge with leave to reinstate is comparable to an arrest and release *without charging*. No matter what the State should have done, we are concerned with what it *did* do. Because defendant was charged here with a minor traffic offense, the records are plainly not eligible for expungement. See 20 ILCS 2630/5.2(a)(3)(B) (West 2022).

¶ 16    The State cites *People v. Powell*, 2021 IL App (4th) 200327-U, to support its position that, because the charge in this case should have been nol-prossed, the trial court erred in denying the petition to expunge. In *Powell*, the trial court denied the defendant's petition to expunge multiple convictions, including four cases identified as "misdemeanor traffic offense[s] that resulted in *nolle prosequi*." *Id.* ¶¶ 10-11. The appellate court reversed the denial for those four traffic cases, reasoning: "Because the electronic records for [the four cases] show that all of [them] resulted in *nolle prosequi*, they are eligible for immediate expungement." *Id.* ¶ 32.

¶ 17    The *Powell* court did not indicate the classes of the four misdemeanor traffic offenses at issue. Depending on their classes, *Powell* either was wrongly decided or is of no use to the State here. First, if the offenses in *Powell* were Class C misdemeanors under the Code, they were "minor traffic offenses" and *ineligible* for expungement because, as explained, a *nolle prosequi* is not the same resolution as an arrest and release without charging. See 20 ILCS 2630/5.2(a)(1)(G), (a)(3)(B) (West 2022); *Ferguson*, 213 Ill. 2d at 100-02. Second, if they were some other class of misdemeanor and thus not "minor traffic offenses," then *Powell* is not analogous. In short, we

find *Powell* to be neither persuasive nor instructive. Instead, we rely on the plain language of the Act. Because operating an uninsured motor vehicle was a minor traffic offense, and because defendant was not arrested and released without charging, the trial court did not err when it denied defendant's petition to expunge records related to the citation for that offense.

¶ 18 We turn next to case No. 05-TR-83855 (appeal No. 2-24-0699), where defendant petitioned to expunge records related to the citation for failure to reduce speed to avoid an accident. The State first argues that we must affirm the trial court's ruling because defendant has not provided a report of proceedings for either of the two hearings held on the petition for expungement. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (in the absence of a sufficient record on appeal, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant" and "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis"). The State's *Foutch* objection is not well taken, given that the State made no such objection in appeal No. 2-24-0698, even though the appellate records are incomplete in exactly the same respect. As it stands, the record in this case is sufficient for us to determine that the Act does not allow expungement of records related to the citation for failure to reduce speed to avoid an accident. See *National Collegiate Student Loan Trust 2007-2 v. Powell*, 2022 IL App (2d) 210191, ¶ 30 ("[N]otwithstanding *Foutch*, a record of the proceedings in the lower court may be unnecessary when an appeal raises solely a question of law, which we review *de novo*.").

¶ 19 The State also asserts that defendant's argument on appeal should be deemed forfeited as undeveloped because the only authority he cites on expungement is *Satterwhite*. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Here again, the State made no such argument in appeal No. 2-24-

0698, even though defendant's briefs in the two appeals are virtually identical. We proceed to the merits, which we resolve in short order.

¶ 20    To reiterate, section 5.2(a)(3)(B) of the Act (20 ILCS 2630/5.2(a)(3)(B) (West 2022)) states that "the court shall not order *** the sealing or expungement of records of minor traffic offenses *** *unless the petitioner was arrested and released without charging*." (Emphasis added.) And subsection (a)(1)(G) states that " '[m]inor traffic offense' means a petty offense, business offense, or Class C misdemeanor under the [Code] or a similar provision of a municipal or local ordinance." *Id.* § 5.2(a)(1)(G). Here, defendant was charged under section 11-601(a) of the Code (625 ILCS 5/11-601(a) (West 2004)) with failure to reduce speed to avoid an accident. Failure to reduce speed to avoid an accident is a petty offense and, therefore, a minor traffic offense. See *People v. Lenz*, 2019 IL App (2d) 180124, ¶ 4 (identifying failure to reduce speed to avoid an accident as a petty offense); *Satterwhite*, 319 Ill. App. 3d at 933 (noting that, "[a]bsent a contrary provision of law, [traffic citations] are petty offenses"); 625 ILCS 5/11-202 (West 2004) ("It is unlawful and, unless otherwise declared in this Chapter ["Rules of the Road," 625 ILCS 5/ch. 11 (West 2004)] with respect to particular offenses, it is a petty offense for any person to do any act forbidden or fail to perform any Act required in this Chapter.").

¶ 21    Defendant asserts on appeal that he is entitled to expungement because the charge was "[d]ismissed" and he was "factually found innocent" of the charge. Defendant is incorrect about the disposition of the charge. The charge was stricken with leave to reinstate. Again, "[w]here a case is stricken with leave to reinstate, the matter remains undisposed of. The same charges continue to lie against the accused, albeit in a dormant state." *Ferguson*, 213 Ill. 2d at 100. More importantly, defendant was not "arrested and released without charging" (20 ILCS 2630/5.2(a)(3)(B) (West 2022)); rather, he appeared in court and pleaded not guilty.

¶ 22    Because failure to reduce speed to avoid an accident is a minor traffic offense, and because defendant was not arrested and released without charging, the trial court did not err when it denied defendant's petition to expunge records related to the citation for that offense.

¶ 23    However, we recognize that this resolution is both counterintuitive and unfair. If defendant had pleaded guilty to operating a vehicle without insurance (625 ILCS 5/3-707 (West 2004)) and received supervision, he could have petitioned for expungement 5 years following the satisfactory termination of supervision. See 20 ILCS 2630/5.2(b)(2)(B)(i) (West 2022). Defendant was presumably eligible for supervision since he had auto insurance at the time he was charged. Since the charge relating to his lack of insurance was apparently stricken with leave before his first court date, however, defendant was denied this opportunity. If the legislature did not intend such a result, we urge the legislature to revisit this statute to ensure that the language employed clearly reflects the legislature's intent.

¶ 24                                          III. CONCLUSION

¶ 25    For the reasons stated, we affirm the judgment of the circuit court of Kane County in appeal Nos. 2-24-0698 and 2-24-0699.

¶ 26    Affirmed.