2024 IL App (2d) 230536-U
No. 2-23-0536
Order filed February 1, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-648 |
| DARSHAWN N. BOND, | ) ) | Honorable Marcy L. Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The State failed to establish that no set of conditions could mitigate any threat defendant's pretrial release would present; all other issues raised by defendant are moot.

¶ 2                                    I. INTRODUCTION

¶ 3    Defendant, Darshawn N. Bond, appeals an order of the circuit court of De Kalb County granting the State's motion to detain him in accordance with section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022) (we will refer to article 110 of the

Code as the "Pretrial Fairness Act" or "Act")).[1] For the reasons that follow, we reverse and remand, with directions.

¶ 4                              II. BACKGROUND

¶ 5     Defendant was charged by complaint with aggravated battery causing great bodily harm (720 ILCS 5/12-3.05(a)(1) (West 2022)), a class 3 felony, and mob action (720 ILCS 5/25-1(a)(1) (West 2022)), a class 4 felony. Defendant was arrested on November 26, 2023, and the State filed a petition to detain defendant during his initial appearance that day. On its own motion, the trial court continued the hearing on the State's detention petition.

¶ 6     A detention hearing was held the next day. The State first requested the trial court to review sworn synopses in the present case as well as those pertaining to two co-defendants. Defendant also asked the trial court to judicially notice the synopses from the two co-defendants' cases.[2] The synopsis in this case provided that police were dispatched to 819 Russell Road in De Kalb after a caller reported that four or five men were "causing issues and potentially arguing and fighting with someone." Officer Montalvo, who prepared the report, encountered the victim upon arrival. The victim complained of injuries to his ribs. He stated that "he was jumped by four unknown males that were known to the mother (Alexis Brinson) of his soon to be child." Defendant was later

---

[1]The Act has been referred to as the "Pretrial Fairness Act" and the "SAFE-T Act"; however, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

[2]Defendant points out to this court that these other synopses are not part of the record on appeal, but they are available in appeals pending in the co-defendants' cases. A reviewing court may take judicial notice of such court documents. See *People v. Johnson*, 2020 IL App (1st) 171638, ¶ 29. We do so here.

identified as being one of these individuals. The individuals were driving a white sedan with tinted windows. A car matching this description was detained leaving a nearby parking lot.

¶ 7    A surveillance video recorded the incident. It showed "the four males from the traffic stop arriv[ing] together" and "batter[ing the victim] outside of 819 Russell Rd. once he exits the building." The surveillance video was not proffered by the State or viewed by the trial court. The victim suffered "two broken ribs, a collapsed lung, and a lacerated liver." After being read his *Miranda* rights, defendant made a statement. He indicated that "all four were in Chicago when they received a phone call from a worried Alexis." Defendant further stated that "[e]ventually they arrived to [*sic*] 819 Russell Rd. and met with [the victim]." Defendant "stated things began physical [*sic*] and that's when the fight started" and "[f]rom there he punched [the victim] and everyone started jumping on him" The group then left the area.

¶ 8    The police synopses contained in the records of defendant's co-defendants are substantially identical to the one set forth above with one exception. The defendant (Darrell Jones) in *People v. Jones*, No. 2-23-0535, stated, "Once [he] observed [the victim] punch [defendant] the others all started to fight [the victim] and things began to get physical." The other co-defendant declined to make a statement. The Pretrial Services Bond Report indicated the defendant was 20 years old, employed full-time, had resided with family at the same address for his whole life, and scored a 0 of 14 risk on its assessment instrument.

¶ 9    The trial court granted the State's petition. In its written order, it found that clear and convincing evidence existed that the proof was evident or presumption great that defendant committed a detainable offense; that defendant's release would pose a real and present threat to the safety of certain individuals; and that no set of conditions could mitigate this risk. In support of its ruling, the trial court cited the nature and circumstances of the offense, the identity of the

individuals whose safety defendant's release would threaten, and the age and physical condition of the victim. Furthermore, in open court, the trial court first stated that it had reviewed the synopses in this case and in the case of defendant's co-defendants. It explained that defendant's release posed a threat "based on the facts of this case," and on the circumstances described by the investigating officer that the offense resulted significant injuries to the alleged victim, noting "[i]t was likely a prolonged confrontation which did allow for the severity of the injuries." The trial court further found that no conditions could mitigate this risk "based on the specific articulable facts of the case." Defendant appealed.

¶ 10                                    III. ANALYSIS

¶ 11    Defendant presents four main arguments: first, that the trial court erred in concluding that the proof is evident or presumption great that he committed the charged offenses; second, that the State failed to establish that he presented a threat to any person or the community; third, that the State did not show that no set of conditions would mitigate the threat his release would entail (in a related argument, defendant also argues that the trial court erred in finding that no set of conditions would prevent him from being charged with a subsequent felony or class A misdemeanor); and fourth, that his detention hearing was not held in a timely manner. The State bears the burden of proving by clear and convincing evidence all of the requirements necessary to justify the denial of pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Hence, if it fails to prove any one of those elements, pretrial detention is not justified. *Id*. Since we conclude that defendant's third argument is well founded, his remaining arguments are moot. See *In re Jonathon P.*, 399 Ill. App. 3d 396, 400 (2010) ("Generally, courts of review do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those

issues are decided."). Therefore, we will focus our analysis on whether the State proved that no set of conditions could mitigate the risk defendant's release would entail.

¶ 12　A trial court's decision to detain a defendant is reviewed using a two-part standard of review. The manifest-weight standard applies to the trial court's factual determinations, including whether any conditions of release could adequately mitigate the risk a defendant's release would present to the community. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if an opposite conclusion to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 13　Turning to the question of whether the State proved, by clear and convincing evidence, that no set of conditions would mitigate the threat defendant's release would present, we begin necessarily with an analysis of what this threat actually encompasses. The facts presented indicate that defendant and three others travelled from Chicago after receiving a telephone call from Brinson, the mother of the victim's yet unborn child. Thus, it appears from the record that the victim was the specific target of these crimes. The State argues that the threat posed is one "to the community at large, based on the fact that defendants did this to somebody they did not know." This assertion is belied by the record. Given that the victim was specifically targeted, the threat posed by defendant's release would be particular to him.

¶ 14　Thus, the question becomes whether any set of conditions could mitigate the threat defendant posed to the victim. Section 110-6.1(e)(3) of the Act (725 ILCS 5/110-6.1(e)(3) (West 2022)) directs a court to consider the conditions set forth in section 110-10 (725 ILCS 5/110-10

(West 2022)). Section 110-10(a) requires all defendants released under the Act to appear for court dates, obey court orders, refrain from committing further offenses, and surrender all firearms. 725 ILCS 5/110-10(a) (West 2022). In addition, a court may impose the following conditions: (1) that the defendant remain in the state; (2) that the defendant "appear in person before such person or agency as the court may direct"; (3) that the defendant refrain from possessing weapons; (4) that the defendant refrain from going to certain areas or premise; (5) that the defendant be placed under the supervision of Pretrial Services or a similar agency, with or without electronic monitoring; (6) that the defendant comply with orders of protection; (7) that the defendant keep the court informed of any change of address; and (8) that the defendant comply with any other reasonable condition. 725 ILCS 5/110-10(b) (West 2022).

¶ 15   Before the trial court, the entirety of the State's argument that none of these conditions would adequately mitigate the threat posed by defendants was that "no condition or combination of conditions would mitigate the real and present threat to the safety of [the victim] based on the facts of this case." In its memorandum before this court, the State does not address why any of these conditions of release would be inadequate, save for urging deference to the trial court's findings. The State does attempt to undercut the fact that defendant has no criminal history by stating, "The issue was how he decided to begin his career of crime." However, the State does not explain why we should conclude that defendant has embarked on a "career of crime."

¶ 16   The trial court's order contained checked three boxes on a preprinted form setting forth its reasons why "the Defendant should be denied pretrial release and why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." Those reasons are (1) "Nature and circumstance of the offense(s) charged"; (2) "The identity of any person or persons to whose safety the

Defendant is believed to pose a threat, and the nature of the threat"; and (3) "The age and physical condition of any victim or complaining witness." The trial court's oral pronouncement cited "the facts of this case," and it noted the "circumstances of the offense" as contained in the synopsis and "as described by the investigating officer." It further noted the victim's "significant" injuries and the fact that the assault was "likely a prolonged confrontation." No other reasons were mentioned.

¶ 17 Defendant counters, correctly, that "[t]here was no evidence proffered, beyond the facts of the alleged crime itself, tending to show that conditions of pretrial release such as a no-contact order or GPS location monitoring could not mitigate" the threat posed by defendant's pretrial release. Defendant points to *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18, which holds that "logically, the bare allegations that [a] defendant has committed a violent offense are not sufficient to establish" that no set of conditions could mitigate this risk. See also *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 18 ("But the fact that a person is charged with a detainable offense is not enough to order detention.").

¶ 18 Thus, beyond the nature of the offenses themselves, the State presented nothing to show that no set of conditions would mitigate the threat to the victim defendant's release would present. We note that other evidence in the record weighs in favor of defendant's release. Notably, defendant has no criminal record. Also, defendant scored 0 out of 14 on the risk assessment instrument designed to predict the likelihood of pretrial misconduct. The instrument concluded that there was a 96% chance that defendant would appear for all future hearings and would not commit any new offenses in the interim. Nothing supports an inference that defendant is unwilling or unable to abide by release conditions.

¶ 19 Accordingly, in light of the paucity of evidence presented by the State as well as the countervailing evidence of record, we hold that the trial court's decision that no set of conditions

would mitigate any risk presented by defendant's release is contrary to the manifest weight of the evidence. As such, the trial court's decision to grant the State's petition to detain was an abuse of discretion.

¶ 20                                    IV. CONCLUSION

¶ 21     In light of the foregoing, the order of the circuit court of De Kalb County is reversed and this cause is remanded for further proceedings. On remand, the trial court shall hold a hearing under Section 110-10 of the Act to determine what conditions, if any, should be imposed upon defendant as a condition of pretrial release. 725 ILCS 5/110-10 (West 2022).

¶ 22     Reversed and remanded, with directions. Mandate to issue instanter.